UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a/ INTEGRATED SPORTS MEDIA, INC.     *Plaintiff*, | § § § § | |
| v. | § § | |
| GUSTAVO ADOLFO OQUELI, Individually and d/b/a MI BELLA HONDURAS RESTAURANTE a/k/a MI BELLA HONDURAS,     *Defendant*. | § § § § § § § | CIVIL ACTION NO. 4:11-CV-3686 |

## ORDER

This Cable Communications Policy Act case is before the court on plaintiff's motion for summary judgment (Dkt. 14). The motion is granted.

### Background

Plaintiff filed suit against defendant alleging that he unlawfully intercepted and broadcasted a pay-per-view event for commercial gain to which plaintiff held the exclusive licensing rights. Plaintiff filed this motion for summary judgment to which defendant has neither responded nor submitted any evidence to dispute Plaintiff's claims. In accordance with Local Rule 7.4, a party's failure to respond is deemed as a representation of no opposition making this motion unopposed.

### Analysis

Under the Cable Communications Act, it is unlawful for a person to intercept and receive communications services unless authorized by the cable provider. 47 U.S.C. § 553(a). Plaintiff has presented evidence that on October 14, 2009, defendant without authorization displayed at his establishment, Mi Bella Honduras Restaurante, the El Salvador v. Honduras World Cup Qualifier

Game. (Dkt. 14-1). Defendant did not impose a cover charge. The event was shown on four televisions and was viewed by approximately 20 patrons. The commercial sub-license fee for this establishment would have been at most $1,750 for this event. A reasonable computation of damages would be the amount of the sub-license fee ($1,750) plus $100 for each patron present for the event ($2,000).

In addition, the evidence shows that defendant is a repeat offender, having unlawfully pirated a similar program on at least one previous occasion. This justifies a finding that his violations were conducted willfully and for purposes of direct commercial advantage or private financial gain. A reasonable computation of these additional damages would be two times the amount of statutory damages. 47 U.S.C. §§ 553(c)(3)(B) and 605(e)(3)(C)(ii).

## Conclusion

Based on the evidence of record, judgment is entered in favor of plaintiff in the amount of $7,500 in damages and $1,000 for attorneys' fees; post-judgment interest at the effective rate on date of entry of judgment; and costs.

Signed at Houston, Texas on December 4, 2012.

Stephen Wm Smith
United States Magistrate Judge